■ FERN GOLDSTEIN, Appellant, v MELVIN GOLDSTEIN, Respondent.—In an action in which the plaintiff wife was granted a judgment of divorce, she appeals from an order of the Supreme Court, Nassau County, entered April 5, 1976, which, after a hearing on defendant's motion to change custody, to hold plaintiff in contempt and for a counsel fee, *inter alia,* (1) adjudged her to be in contempt and fined her $250, (2) ordered that she pay a counsel fee to defendant, (3) modified the judgment of divorce by terminating defendant's obligation to pay child support, as of November 18, 1975, (4) directed that all child support payments being held in an escrow account established pursuant to a prior order of the same court be returned to defendant, (5) transferred custody of the two children of the marriage to defendant, effective June 30, 1976, and (6) directed that defendant's visitation rights were to continue, except that plaintiff was to deliver the children to defendant's residence in New Jersey when visitation was due. Order modified, on the law, by deleting (1) the third, fourth, fifth, seventh, eighth, eleventh and twelfth decretal paragraphs thereof and (2) so much of the ninth decretal paragraph thereof as begins with the word "except" and ends with the words "of that order". As so modified, order affirmed, without costs or disbursements. The findings of fact are affirmed. Although we are in sympathy with the efforts of the Justice presiding at Special Term to secure plaintiff's compliance with defendant's right of visitation with his two sons, now aged 13 and 11 years, which was granted to him in the judgment of divorce, pursuant to the stipulation of the parties relating to visitation in

1972, we do not believe that the order, as made, would accomplish the desired result. We agree that plaintiff is in contempt of the prior order of the court in that she failed to institute appropriate measures to gain the co-operation of the children in visiting with their father under the amended order of visitation. We affirm the imposition of the $250 fine and the return to defendant of the support payments held in escrow, but withhold, at the present time, the more drastic measures of securing visitation by changing custody and awarding a counsel fee. Hopkins, Acting P. J., Martuscello, Margett, Damiani and Hawkins, JJ., concur.