■ GERALDINE BERKMAN, Appellant, v MONROE E. BERKMAN, Respondent.—In an action in which the plaintiff wife was granted a judgment of divorce, she appeals from an order of the Supreme Court, Westchester County, dated November 4, 1976, which, after a hearing on her motion to resettle the judgment of divorce with regard to defendant's visitation rights and on defendant's cross motion to change custody and punish plaintiff for contempt, (1) fined her $250 because of her "misconduct"; (2) directed that she be committed to jail for 30 days; (3) ordered that the custody of the two infant children of the marriage be taken from her and awarded to the defendant; (4) vacated all support arrangements as contained in the judgment of divorce, dated July 15, 1975, during the time that defendant has custody of the children; and (5) denied her motion to resettle the judgment. Order modified, on the law and in the interest of justice, by deleting the decretal provisions thereof numbered 2, 3, 4, 5 and 6. As so modified, order affirmed, without costs or disbursements, and action remanded to Special Term for further proceedings consistent herewith and for entry of an appropriate amended order. We are in sympathy with the efforts of the Justice presiding at Special Term to secure plaintiff's compliance with defendant's right of visitation with his two sons, now seven and eight years old, in accordance with the stipulation of the parties, which was incorporated into the judgment of divorce. However, we do not believe that the order, as made, would accomplish the desired result. We agree that plaintiff is in contempt of the judgment of divorce and the order dated August 15, 1975, in that she failed to institute appropriate measures to gain the cooperation of the children in visiting with their father. We affirm the imposition of the $250 fine for her willful and knowing disobedience of the mandates of the court. However, on the facts herein, we feel that the imposition of a jail sentence would serve no purpose. We remand this action to Special Term so that an amended order can be entered providing ample visitation for the defendant. In the light of the evidence adduced at the hearing, such an order could provide, for example, that the children should spend their entire summer vacations, and one or more of their week-long school recesses, with the defendant in Florida. Although the evidence does not require it, if, in the discretion of Special Term, security is needed to insure the safe return of the children to this jurisdiction, such a condition can be imposed. It is only through extended visitation with the father, in a home environment and away from the influence of the plaintiff, that the children will be able to enjoy a healthy relationship with their father. The amended order could also encourage the father to co-operate with the children's desire to faithfully follow their religious tenets. Finally, it appears that the best interests of the children, on these facts, require that

they remain with their mother. However, if necessary in the future, the more drastic remedy of securing visitation by changing custody can be sought. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.