Order of February 20, 1980 unanimously affirmed; order of December 17, 1979 unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The order dated December 17, 1979 is modified by striking decretal paragraphs first, second, third, fifth, seventh, eighth and ninth, and otherwise affirmed. We find insufficient basis for holding that appellant-respondent’s conduct was contumacious and calculated to defeat or impede the rights of petitioner-respondent to exercise overnight or weekend visitation with the parties’ daughter, Kendall (age 5, 6 and 7 years during the period in question) pursuant to the Connecticut divorce decree as modified by the Family Court order of July 15, 1976. There is no evidence in the record of any instance when appellant-respondent refused or interfered with visitation. Nor is there any indication of any conduct calculated to dissuade *1014 Kendall from accompanying her father. While appellant-respondent concededly refused to force Kendall to stay overnight with her father, there is evidence that she said to Kendall: "Why don’t you try it? You don’t know if you don’t like it if you never go.” We agree with Family Court that appellant-respondent has a duty to encourage Kendall to comply with the visitation provisions of the order (see Berkman v Berkman, 57 AD2d 542, app dsmd 42 NY2d 910; Goldstein v Goldstein, 53 AD2d 683) and that the evidence establishes that respondent-appellant has not fully met that obligation. We do not agree, however, that the appellant-respondent’s conduct was contumacious particularly since there was no showing of any prior judicial effort to obtain voluntary compliance with the order or of any judicial proceeding based on an alleged violation or to compel compliance from the date of the order, July 15, 1976, until the date of the hearing in September, 1979 except for the instant proceeding which was commenced on June 9, 1977.. We are sympathetic with the efforts of Family Court to insure full compliance with the visitation terms in the future and, accordingly, affirm certain of the provisions of the order which are designed to achieve that end including the directions that Kendall should have visitation counseling, that the matter should be resubmitted to Family Court upon three days’ notice in the event of a violation or difficulty in exercising the order and that the payments of alimony and support in the future should be dependent upon the proper exercise of visitation. We affirm the award of counsel fees to appellant-respondent in connection with the proceeding in Family Court and also affirm the order denying her request for counsel fees and costs for this appeal. Her renewed motion for such fees and costs is denied. (Appeals from orders of Monroe County Family Court—contempt.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.