■ LINDA S. STEIN, Appellant-Respondent, v N. ROBERT SANDOW, Respondent-Appellant. — In a matrimonial action, (1) plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered June 23, 1982, as denied her application, *inter alia,* to (a) rescind an agreement entered into between herself and the defendant in which she conditionally agreed to waive certain of her rights under a prior judgment of divorce between them and (b) enforce the applicable provisions of the afore-mentioned judgment, and (2) defendant cross-appeals, as limited by his brief, from so much of the same order as awarded the plaintiff counsel fees in the amount of $2,000. Order modified, on the law, by deleting therefrom the provision denying that branch of plaintiff's application which sought to rescind the parties' agreement and thereupon to enforce the child support and life insurance provisions of the judgment of divorce and to recover arrears due thereunder, and substituting therefor a provision granting said branch of plaintiff's motion. As so modified, order affirmed, with costs to plaintiff, and matter remitted to the Supreme Court, Westchester County, for further proceedings in order to determine the exact amount of the arrears to which the plaintiff is entitled under the afore-mentioned judgment. On January 17, 1977, the plaintiff wife was granted a judgment of divorce against the defendant husband on the ground of abandonment. On May 19, 1978, the defendant was held in contempt for failure to comply with the child support provisions of the afore-mentioned judgment. On September 6, 1978, following the defendant's failure to purge himself of the contempt by paying the required sums of money, the parties executed an agreement in which the plaintiff agreed to waive certain of her rights under the judgment and to refrain from enforcing the contempt order on condition that the defendant agree, *inter alia,* to the timely payment of reduced support payments, the payment of all of the arrears then owing under the judgment and order, and the providing of periodic proof, on his part, of the continued maintenance of a $100,000 life insurance policy for the irrevocable benefit of the parties' three children as required in the judgment of divorce. The agreement further provided: "7. The defendant shall be in default under the terms and provisions of this agreement in the event of the occurence [*sic*] of any of the following: (a) Failure to make any payment provided hereunder in liquidation of the arrears, which has not been cured after ten (10) day written notice to the defendant or his attorney, Norman Klasfeld, Esq. by certified mail. (b) Failure to make any of the [child support] payments provided in Paragraph '4' hereof as and when due; (c) Failure by the defendant to keep the insurance policy, referred to in paragraph '5' [hereof], in full force and effect or failure of the defendant to furnish proof of the payment of the premium thereon, as provided in said paragraph. In the event of the occurence [*sic*] of any of the matters or things referred to in subparagraphs 'a', 'b', and 'c' of this paragraph, the plaintiff may declare a default. Notification of the declaration of such default shall be in writing, by certified mail, return receipt requested, addressed to the defendant as provided in Paragraph '6' hereof, and upon failure of the defendant to cure such default within ten days from the date of mailing of the notice by certified mail by the plaintiff, *there shall immediately become payable to the plaintiff from the defendant the full amount of all monies not paid under the original judgment of divorce just as if this agreement had never been executed.*

In the event of a default by the defendant as defined in subparagraphs 'a', 'b', and 'c' of this paragraph, the failure of the plaintiff to declare a default in any instance or instances shall not constitute a waiver of the right of the plaintiff to declare a default in the event of any further default or defaults on the part of the defendant. Upon the declaration of a default by the plaintiff, as herein provided, and the failure of the defendant to cure said default, as herein provided, the plaintiff may upon proof of said default, proof of the declaration thereof and proof of the failure of the defendant to cure such default, such proof to be furnished by affidavit or otherwise as approved by the Supreme Court obtain and [*sic*] ex parte order of the Court directing payment to her of the items set forth herein, *and the plaintiff may, in addition, take all legal steps and proceeding [sic] for the enforcement of past and future obligations of the defendant pursuant to the aforementioned judgment dated January 17, 1977 and the aforementioned order of May 19, 1978"* (emphasis added). Although the defendant failed on numerous occasions to render timely child support payments in accordance with paragraph 4 of the agreement, it is not necessary for present purposes to discuss those failures. Insofar as is here pertinent, it appears that in January, 1981, the plaintiff was notified that the policy of life insurance which the defendant was required to maintain for the benefit of his three children had lapsed due to his nonpayment of premiums, and that on January 15, 1981, a letter was written to the defendant apprising him of the fact, requesting information about any alternative insurance which he may have obtained, and warning him of possible legal action should he fail to comply with the terms of the parties' agreement. Thereafter, by letter dated January 19, 1981, plaintiff's counsel wrote to defendant's attorney informing the latter of the defendant's default, and when no response was received by May 7, 1981, plaintiff moved, *inter alia,* to rescind the agreement, and to direct defendant to resume the payments required under the judgment of divorce. In opposition, the defendant maintained that he had, in fact, replaced the prior policy of life insurance with a comparable policy from another insurance company in November, 1980, but he did not claim that he had informed plaintiff of that fact or provided her with the required proof of coverage. Moreover, it appears on the present record that it was not until July 18, 1981 that the defendant's daughters were designated as "irrevocable" beneficiaries under the substituted policy. In our view, defendant's failure to name his children as "irrevocable" beneficiaries under the substituted policy of insurance and to furnish the plaintiff with timely proof of continued coverage as required by paragraph 5 of their agreement constituted a clear breach of the agreement which was not timely cured. Moreover, in light of the fact that the life insurance in issue was a renewable one-year term policy, the provision requiring periodic proof of coverage was just as important to the plaintiff's protection as the incorporation by reference to the policy then in existence of the further requirement that the policy designate the defendant's daughters as "irrevocable" beneficiaries. Under these circumstances, defendant's failure to provide the required proof of coverage and to designate his daughters as irrevocable beneficiaries constituted a substantial breach. Inasmuch as the defendant was clearly in default under the unambiguous terms of the agreement, the plaintiff is entitled to enforce her rights thereunder, which includes her right to reassert the operative provisions of the judgment of divorce (see *Nichols v Nichols,* 306 NY 490, 496; *A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369, 382). Inasmuch as the instant application was brought, in part, to secure the judicial enforcement of the prior judgment of divorce, the award of partial counsel fees to the plaintiff was appropriate (Domestic Relations Law, § 238). Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.