■ In the Matter of DAVID LEWIN, Respondent, v CARMEN LEWIN, Appellant.

The parties to this contempt proceeding had been separated since October 1984 and a divorce action was pending at the time of the hearing in the Family Court.

We find no merit to the appellant's contention that she had no notice or actual knowledge of the contents of the February 28 order of protection. The order recited that it was made on consent of all the parties, and the appellant was a party.

Likewise, we find no merit to her claim that the absence of a warning in the summons concerning possible arrest and incarceration, pursuant to Family Court Act § 846 (b), constituted a jurisdictional defect. "By contesting the contempt application on the merits and failing to object in a timely manner to the omission of the [required] notice and warning * * * [the appellant] waived the protections afforded by the

statute" *(Matter of Rappaport,* 58 NY2d 725, 726). Moreover, the appellant failed to raise any issue concerning service of process at the hearing and cannot do so for the first time on appeal (CPLR 3211 [e]).

Turning to the merits, we find all violations of the order of protection subsequent to the stillbirth of the appellant's third child on June 7, 1985 were not willful. Moreover, several of the violations prior to that date appear to have been provoked by the petitioner's treatment of his wife as an economic prisoner. He cannot use an order of protection as a shield when he unilaterally chooses to put his wife in the ignominious position of living her daily life without cash and having to go to the supermarket with "gift certificates". We also find that his arrival accompanied by a woman when he came to pick up his children constituted an unnecessary provocation given his knowledge of his wife's jealous propensities and pregnant state. We find the remaining violations were willful. However, they were insufficient to warrant a five-day jail sentence, particularly in light of the appellant's emotional state due to her then-recent loss. Accordingly, we substitute our discretion for that of the Family Court and impose a suspended sentence.

This decision should not be interpreted as granting the appellant the right to continue to willfully violate the order of protection with impunity. Future willful violations may well warrant more severe sanctions on the part of the court. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.