■ DAVIDSON EXTRUSION CORP. et al., Appellants, v MANUFACTURERS HANOVER TRUST COMPANY et al., Respondents.—In an action to recover damages for breach of a loan agreement, the plaintiffs appeal from so much of a judgment of the Supreme Court, Nassau County (Collins, J.), dated September 29, 1987, as dismissed the complaint insofar as it is asserted by Davidson Extrusion Corp., and dismissed the complaint insofar as it is asserted against Manufacturers Hanover Commercial Corporation by Davidson Aluminum and Metal Corporation. The plaintiffs' notice of appeal from so much of an order of the same court dated June 29, 1987, as, upon reargument, granted that branch of Manufacturers Hanover Commercial Corporation's motion which was to dismiss the complaint insofar as it is asserted against it by Davidson Aluminum and Metal Corporation and granted Manufacturers Han-

over Trust Company's motion to dismiss the complaint insofar as it is asserted against it is deemed a premature notice of appeal from the judgment.

Ordered that the judgment is modified, by deleting the provision thereof which dismissed the complaint insofar as it is asserted against Manufacturers Hanover Trust Company by Davidson Extrusion Corp., and that portion of the complaint is reinstated and severed; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated June 29, 1987 is modified accordingly.

The defendants Manufacturers Hanover Trust Co. (hereinafter MHT) and Manufacturers Hanover Commercial Corp. (hereinafter MHCC) moved pursuant to CPLR 3211 (a) (7) to dismiss the plaintiffs' complaint. By order dated February 20, 1987, the Supreme Court, Nassau County (Collins, J.), granted that branch of MHCC's motion which was to dismiss the complaint insofar as it is asserted by the plaintiff Davidson Extrusion Corp. (hereinafter DEC) against MHCC based upon a release entered into between those parties, and denied all other branches of the defendants' motions. Upon reargument, by order dated June 29, 1987, the same court dismissed the complaint in its entirety. A judgment dated September 29, 1987 was entered in the defendants' favor.

The right to appeal from the intermediate order dated June 29, 1987 terminated with the entry of judgment thereon (see, Matter of Aho, 39 NY2d 241, 248). However, upon deeming the notice of appeal from the order dated June 29, 1987, as a premature notice of appeal from the judgment (see, CPLR 5520 [c]), the issues raised with respect to the order dated June 29, 1987 are brought up for review. Since the plaintiffs did not serve a notice of appeal from an intermediate order of the same court dated February 20, 1987, and plaintiffs did not move for reargument with respect to that portion of the order dated February 20, 1987 as dismissed the complaint insofar as it is asserted by DEC against MHCC any issue with respect thereto is not properly before this court. In any event, were we to review the order dated February 20, 1987, we would conclude that the court's dismissal of the complaint on the ground of release insofar as it is asserted by DEC against MHCC was proper.

With regard to the determination under review, we conclude that the trial court prematurely dismissed DEC's cause

of action against MHT. A cause of action should not be dismissed pursuant to CPLR 3211 (a) (7) as long as there is a reasonable chance that the plaintiff may prevail on the merits *(Rovello v Orofino Realty Co.,* 40 NY2d 633). Although MHT contends that there is no basis on which it can be held vicariously liable for MHCC's alleged unreasonable refusal to consent to the liquidation of certain collateral, the plaintiffs' submissions allege, in essence, that MHCC's refusal to timely consent to liquidation was effectively a refusal by MHT, and that various agreements in the record indicate that MHCC may have been authorized to act as MHT's agent in disposing of the collateral *(see, Federated Adj. Co. v Sobie,* 90 AD2d 806). Hence, DEC has sufficiently stated a claim against MHT on the basis of MHT's possible vicarious liability for MHCC's refusal to timely consent to liquidation.

However, the trial court properly dismissed the complaint insofar as it is asserted against MHCC and MHT by the plaintiff Davidson Aluminum & Metal Corporation (hereinafter DAM) in its capacity as guarantor of the defendants' loans to DEC. A motion pursuant to CPLR 3211 (a) (7) may be granted where affidavits submitted by the plaintiff establish conclusively that it has no cause of action *(see, Rovello v Orofino Realty Co., supra,* at 636). At bar, the affidavits submitted by the plaintiffs establish that DAM was not called upon to honor its guarantee because DEC's obligations to its creditors were paid in full by DEC. Accordingly, the alleged unreasonable withholding of consent to liquidation by the creditors could not have damaged DAM in its capacity as the guarantor of DEC's debt. Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.