■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. [621 NYS2d 312] —Petition, pursuant to CPLR article 78, transferred to this Court by order of Supreme Court, New York County (Kristin Booth Glen, J.), entered April 1, 1994, which seeks annulment of two orders of the Industrial Board of Appeals dated November 19, 1993 and December 13, 1993, which reduced but upheld fines imposed by respondent New York State Department of Labor, unanimously granted, without costs, and the orders annulled.

Respondent Department of Labor imposed fines against petitioner New York City Transit Authority for failing to comply with provisions of the New York Public Employee Safety and Health Act (Labor Law § 27-a [known as the PESH Act]) because, at five of petitioner's facilities, there was no list of hazardous chemicals to which employees might be exposed available for inspection and, at one facility (the Jackie Gleason Depot), petitioner had not implemented a written Respiratory Protection Program.

The PESH Act empowers respondent Department of Labor to adopt workplace health and safety standards promulgated by the Federal Occupational Safety and Health Administration (OSHA). In 1990, the act was amended to permit the assessment of fines against public employers for failure to timely abate a violation cited in a Notice of Violation/Order to Comply issued pursuant to Labor Law § 27-a (6) (a). Following the issuance of penalties according to this section, petitioner Transit Authority pursued its administrative remedy in a hearing before the Industrial Board of Appeals, the adjudicatory tribunal of the Department of Labor. The Board, in

virtually identical determinations, found no dispute that petitioner's computer records contained an inventory of chemicals at each facility and that the computerized inventory was in existence prior to the required reinspection date. It also noted that there was no claim of either the lack of proper labelling or exposure to hazardous substances at any of the sites. Nevertheless, the Board upheld the imposition of penalties, although in a reduced amount.

In this article 78 proceeding, petitioner contends that the penalty provisions contained in respondent's operating manual are unenforceable for failure to publish them as a rule and regulation in compliance with the New York State Constitution and the State Administrative Procedure Act. Petitioner further argues that the determinations of the Industrial Board of Appeals are not based on substantial evidence and lack a rational basis. Thus, petitioner concludes, the penalties imposed are arbitrary and capricious.

Article IV (§ 8) of the New York Constitution provides that no rule or regulation of a State department will have legal effect unless it is filed in the Office of the Secretary of State. The State Administrative Procedure Act provides for uniform procedures for the promulgation of rules and regulations of administrative bodies, requiring publication in the State Register before the rules are imposed to allow time for comment and public hearings. Exempt from these requirements are "rules concerning the internal management of the agency which do not directly and significantly affect the rights of or procedures or practices available to the public" (State Administrative Procedure Act § 102 [2] [b] [i]).

The penalty provisions of the Department of Labor Manual constitute a rule or regulation within the contemplation of this provision (State Administrative Procedure Act § 102 [2] [a] [i]). "[W]here a guideline is a fixed, general principle to be applied by the [agency] without regard to other facts and circumstances relevant to the regulatory scheme of the statute being administered," it constitutes a rule or regulation required to be filed with the Department of State *(Matter of Trustees of Masonic Hall & Asylum Fund v Axelrod,* 174 AD2d 199, 204). However, where the agency renders its determination on a case-by-case analysis of the facts, the guidelines are not required to be published as a rule or regulation *(see, Matter of Roman Catholic Diocese v New York State Dept. of Health,* 66 NY2d 948, 951; *Matter of Duflo Spray-Chem. v Jorling,* 153 AD2d 244, 250).

The subject penalties are uniformly applied by Department

of Labor investigators for violation of record-keeping requirements relating to matters of employee safety. Thus, they come within the rule of *Matter of New York State Coalition of Pub. Empls. v New York State Dept. of Labor* (89 AD2d 283, 287, *affd* 60 NY2d 789) as regulations that require records to be maintained as part of an enforcement or detection scheme *(see also, Matter of Callanan Indus. v White,* 118 AD2d 167, 171). They do not, as respondent maintains, involve the case-by-case assessment of variable factors unique to a particular facility *(Matter of Trustees of Masonic Hall & Asylum Fund v Axelrod,* 174 AD2d 199, *supra* [Medicaid reimbursement]). Nor are they merely general guidelines requiring a full administrative hearing to be conducted before a penalty is imposed *(Matter of Duflo Spray-Chem. v Jorling, supra* [fines recommended by Hearing Officer]). The disputed fines were imposed against petitioner by an investigator based upon a fixed formula ("gravity quotient") and are required to be published to be enforceable. Significantly, respondent notes, the corresponding OSHA penalty provisions were published prior to their adoption by the United States Department of Labor.

In addition, the determinations of the Industrial Board of Appeals are not supported by substantial evidence (CPLR 7803 [4]; 7804 [g]). Petitioner adduced proof at the hearing that the required list of hazardous chemicals was available at each facility upon request via computer. The OSHA requirements adopted under the PESH Act require only that a chemical inventory be maintained, and respondent points to no other regulation which requires that a list of the chemicals be *posted* at the facility rather than merely available. Concur—Sullivan, J. P., Rosenberger, Wallach and Rubin, JJ.