■ Robin Katz, Respondent, v Adam Katz, Appellant. [900 NYS2d 891]—In a matrimonial action in which the parties were divorced by judgment dated December 24, 2007, the defendant father appeals from an amended order of the Supreme Court, Nassau County (Ross, J.), dated October 23, 2009, which, after a hearing, denied his motion to hold the plaintiff mother in civil contempt for her willful violation of the parenting time provisions in the parties' separation agreement, which was incorporated, but not merged, into the judgment of divorce.

Ordered that the amended order is affirmed, with costs.

On October 12, 2005, the parties entered into a separation agreement which was incorporated, but not merged, into their judgment of divorce dated December 24, 2007. The separation agreement provided for, inter alia, certain periods of parenting time for the father with the parties' children. The father moved to hold the mother in civil contempt for her willful failure to produce the parties' youngest child for his parenting time.

To prevail on a motion to punish a party for civil contempt, the movant must demonstrate by clear and convincing evidence that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation (*see* Judiciary Law § 753 [A] [3]; *Rienzi v Rienzi*, 23 AD3d 447, 449 [2005]; *Vujovic v Vujovic*, 16 AD3d 490, 491 [2005]; *Rupp-Elmasri v Elmasri*, 305 AD2d 394, 395 [2003]). Moreover, the movant must establish that the alleged violation was willful (*see Dimino v Dimino*, 39 AD3d 799, 800 [2007]; *Matter of Mc-Millian v Rizzo*, 31 AD3d 555, 556 [2006]). Here, the father did not meet his burden (*see Matter of Omahen v Omahen*, 64 AD3d 975, 977 [2009]). Accordingly, the denial of his motion to hold the mother in civil contempt was proper. Mastro, J.P., Santucci, Chambers and Roman, JJ., concur.