■ Lauren Rubin, Appellant, v Ted Rubin, Respondent. [911 NYS2d 384]—

In a matrimonial action in which the parties were divorced by judgment dated March 26, 2004, the plaintiff mother appeals from an order of the Supreme Court, Nassau County (Ross, J.), dated May 25, 2010, which, after a hearing, in effect, granted that branch of the motion of the defendant father which was to hold her in civil contempt for her willful violation of the custody and visitation provisions in the parties' stipulation of settlement, which was incorporated, but not merged, into the judgment of divorce, sentenced her to certain weekend incarceration, and granted that branch of the motion of the defendant father which was for an award of an attorney's fee. By decision and order on motion dated June 17, 2010, this Court stayed the plaintiff's incarceration pending hearing and determination of this appeal.

Ordered that the order is modified, on the facts and in the exercise of discretion, by adding thereto a provision suspending the sentence subject to the plaintiff's future compliance with the custody and visitation provisions in the parties' stipulation of settlement; as so modified, the order is affirmed, without costs or disbursements.

On October 30, 2003, the parties, who have two young daughters, entered into a stipulation of settlement which was incorporated, but not merged, into their judgment of divorce dated March 26, 2004. With respect to custody and visitation, the stipulation of settlement provided that the parties would share legal custody of the children, that the mother would have sole physical custody of the children, and that the father would have certain visitation. In addition, pursuant to those provisions, each party was specifically prohibited from doing anything that would have the effect of alienating the children from the other party.

To prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged with contempt willfully violated a clear and unequivocal mandate of a court's order, with knowledge of that order's terms, thereby prejudicing the movant's rights (*see McCain v Dinkins*, 84 NY2d 216, 225-226 [1994]; *Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]; *Katz v Katz*, 73 AD3d 1134 [2010]; Judiciary Law § 753 [A]). Where, as here, a period of incarceration is imposed to vindicate the authority of the court or to compel respect for the court's mandate, the contemnor's willful violation of the court's mandate must be proven beyond a reasonable doubt (*see Matter of Rubackin v Rubackin*, 62 AD3d 11 [2009]). The father met this burden. Indeed, at the hearing it was established, among other things, that the mother violated the custody and visitation provisions of the stipulation of settlement by intentionally doing certain things which would have the natural effect of "turn[ing]" the children "away from" the father, and which actually had that effect (*Young v Young*, 212 AD2d 114, 115 [1995]; cf. *Matter of Darla N. v Christine N.*, 289 AD2d 1012, 1013 [2001]).

However, under the particular facts of this case, a sentence directing the mother's immediate incarceration "would serve no purpose" (*Berkman v Berkman*, 57 AD2d 542, 542 [1977]; cf. *Fuerst v Fuerst*, 131 AD2d 426, 427 [1987]). Rather, under the circumstances, it is appropriate to suspend the sentence subject to the mother's future compliance with the custody and visitation provisions of the stipulation of settlement (*see Matter of Munster v Munster*, 17 AD3d 600 [2005]).

The mother's remaining contentions are without merit. Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.