■  GAIL G. SUTTON, Appellant, v JOSEPH A. SUTTON, Respondent. [939 NYS2d 882]—

In a matrimonial action, in which the parties were divorced by judgment entered June 28, 2002, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Thomas, J.), dated December 9, 2010, as, upon granting her cross motion for leave to reargue those branches of her prior motion which were to hold the defendant in contempt for failure to comply with the provisions of the judgment of divorce requiring him to provide a life insurance policy designating the plaintiff as an irrevocable beneficiary and for an attorneys' fee, which had been denied in an order of the same court dated April 7, 2010, adhered to the prior determination.

Ordered that the order dated December 9, 2010, is reversed insofar as appealed from, on the law, with costs, upon reargument, so much of the order dated April 7, 2010, as denied those branches of the plaintiff's motion which were to hold the defendant in contempt for failure to comply with the provisions of the judgment of divorce requiring him to provide a life insurance policy designating the plaintiff as an irrevocable beneficiary and for an attorneys' fee is vacated, and thereupon, those

branches of the motion are granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

"In order to sustain a finding of civil contempt under Judiciary Law § 753 based on a violation of a court order, it is necessary to establish by clear and convincing evidence that a lawful court order clearly expressing an unequivocal mandate was in effect, that the person alleged to have violated the order had actual knowledge of its terms, and that the violation has defeated, impaired, impeded, or prejudiced the rights of a party" (*Manning v Manning*, 82 AD3d 1057, 1058 [2011]; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]).

The Supreme Court erred in finding that the defendant substantially complied with the provision in the parties' post-nuptial agreement which was incorporated into, but did not merge with, the parties' judgment of divorce, obligating him to provide a life insurance policy designating the plaintiff as an "irrevocable beneficiary." The defendant tendered proof demonstrating that the plaintiff was named a "beneficiary" on the defendant's life insurance policy. However, "[t]he interest of an irrevocable beneficiary in a life insurance policy cannot be divested without the beneficiary's consent" (*Kliamovich v Kliamovich*, 85 AD3d 867, 870 [2011], citing *Ruckenstein v Metropolitan Life Ins. Co.*, 263 NY 204 [1934]). The defendant's failure to designate the plaintiff as an "irrevocable" beneficiary constituted "a substantial breach" of the agreement (*Stein v Sandow*, 97 AD2d 838, 839 [1983] [internal quotation marks omitted]; *see Haber v Haber*, 225 AD2d 664 [1996]; *Metzger v Metzger*, 206 AD2d 352 [1994]). Since the defendant had actual knowledge of the subject provision of the agreement, and since his breach of that provision had the effect of defeating, impairing, impeding, or prejudicing the plaintiff's rights, the Supreme Court should have held the defendant in contempt.

In light of this breach by the defendant, the Supreme Court should have determined that the plaintiff was entitled to an attorneys' fee pursuant to article 11 of the agreement (*see Guriel v Guriel*, 55 AD3d 540 [2008]).

The plaintiff's remaining contentions are not properly before this Court (*see Matter of 171 Sterling, LLC v Stone Arts, Inc.*, 66 AD3d 688 [2009]; *McKiernan v McKiernan*, 277 AD2d 433 [2000]; *Davidson Extrusion Corp. v Manufacturers Hanover Trust Co.*, 143 AD2d 799 [1988]). Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.