■ RUTH QUINCHE, Appellant, v DIEGO GONZALEZ, Respondent. [942 NYS2d 798]—

In a matrimonial action in which the parties were divorced by judgment entered February 1, 1996, which incorporated, but did not merge, the terms of the parties' stipulation of settlement dated October 27, 1995, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated August 2, 2010, as, after a hearing, denied that branch of her motion which was to hold the defendant in civil contempt of, inter alia, the judgment of divorce.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court did not err in admitting into evidence at the subject hearing certain audio recordings. The recordings did not constitute inadmissible hearsay. "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted therein" (*Gelpi v 37th Ave. Realty Corp.*, 281 AD2d 392, 392 [2001]). "However, a statement which is not offered to establish the truth of the facts asserted therein is not hearsay" (*id.*). Here, the recordings at issue were not offered for the truth of the matter asserted therein. Accordingly, the Supreme Court did not err in admitting the recordings into evidence on this ground. The plaintiff's remaining contentions concerning the admission of these recordings are unpreserved for appellate review.

"To prevail on a motion to punish a party for civil contempt, the movant must demonstrate by clear and convincing evidence that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation" (*Katz v Katz*, 73 AD3d 1134 [2010]; *see* Judiciary Law § 753 [A] [3]; *Sutton v Sutton*, 93 AD3d 779 [2012]; *Manning v Manning*, 82 AD3d 1057, 1058 [2011]; *Rienzi v Rienzi*, 23 AD3d 447, 449 [2005]; *Vujovic v Vujovic*, 16 AD3d 490, 491 [2005]; *Rupp-Elmasri v Elmasri*, 305 AD2d 394, 395 [2003]). Here, the plaintiff failed to meet her burden. Accordingly, the Supreme Court properly denied that branch of her motion which was to

hold the defendant in civil contempt. Skelos, J.P., Dickerson, Belen and Miller, JJ., concur.