■ MICHELLE WOOD, Appellant, v MARK WOOD, Respondent. [22 NYS3d 499]—

Appeal from an order of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated June 17, 2015. The order, insofar as appealed from, granted, without a hearing, those branches of the father's motion which were to hold the mother in civil contempt for failure to comply with, inter alia, the visitation provisions of the parties' stipulation of settlement, and for an award of counsel fees. By decision and order on motion dated August 4, 2015, this Court stayed enforcement of so much of the order as directed that the mother be sentenced for contempt and that she pay counsel fees.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith and thereafter a new determination of those branches of the father's motion which were to hold the mother in civil contempt for failure to comply with, inter alia, the visitation provisions of the parties' stipulation of settlement, and for an award of counsel fees.

On June 2, 2014, the parties, who have two daughters, entered into a stipulation of settlement which was incorporated, but not merged, into their judgment of divorce dated October 21, 2014. With respect to custody and visitation, the stipulation of settlement provided that the parties would share legal custody of the children, that the mother would have primary residential custody of the children, and that the father would have, inter alia, certain weekend visitation. Moreover, both parties agreed to "exert every reasonable effort to maintain free access and unhampered contact between the children and each of them, and to foster a feeling of affection between the children and the other party," and further agreed that neither would do anything that would have the effect of alienating the children from the other party.

The father moved, inter alia, to hold the mother in civil

contempt for failure to comply with, among other things, the visitation provisions of the parties' stipulation of settlement, alleging that he had had no visitation with the children, and for an award of counsel fees incurred in connection with the motion. The Supreme Court, without a hearing, inter alia, granted those branches of the father's motion. We reverse insofar as appealed from.

The elements necessary to support a finding of civil contempt are as follows: "First, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. Second, it must appear, with reasonable certainty, that the order has been disobeyed. Third, the party to be held in contempt must have had knowledge of the court's order, although it is not necessary that the order actually have been served upon the party. Fourth, prejudice to the right of a party to the litigation must be demonstrated" (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015] [internal quotation marks, citations and brackets omitted]; *see Matter of McCormick v Axelrod*, 59 NY2d 574 [1983], *amended* 60 NY2d 652 [1983]; *Bernard-Cadet v Gobin*, 94 AD3d 1030 [2012]; *Rubin v Rubin*, 78 AD3d 812 [2010]; *Alderman v Alderman*, 78 AD3d 620 [2010]; Judiciary Law § 753 [A]).

"A hearing is not mandated in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (*Jaffe v Jaffe*, 44 AD3d 825, 826 [2007]; *see Lundgren v Lundgren*, 127 AD3d 938, 941 [2015]; *El-Dehdan v El-Dehdan*, 114 AD3d 4, 17 [2013], *affd* 26 NY3d 19 [2015]; *Coyle v Coyle*, 63 AD3d 657, 658 [2009]). Here, the Supreme Court erred in deciding, without a hearing, the factual issues of whether the mother disobeyed, inter alia, the subject visitation provisions and, if so, whether thereby, the father's rights were prejudiced. Remittal for a hearing, and a new determination thereafter of that branch of the father's motion, is therefore required.

In light of the Supreme Court's error in granting the aforementioned branch of the father's motion without conducting a hearing, the court also erred in granting that branch of the father's motion which was for an award of counsel fees (*see David v David*, 54 AD3d 714 [2008]; *Lewis v Lewis*, 43 AD3d 462 [2007]).

The mother's contention that the Supreme Court improperly directed her to pay the full cost of an attorney for the children is not before this Court, because the order appealed from does not address this issue (*see Popular Fin. Servs., LLC v Williams*, 50 AD3d 660 [2008]; *Morris v Queens-Long Is. Med. Group, P.C.*, 43 AD3d 394 [2007]).

Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing and thereafter a new determination of those branches of the father's motion which were to hold the mother in civil contempt for failure to comply with, inter alia, the visitation provisions of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, and for an award of counsel fees. Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.