▪ LISA THIMM, Respondent, v KARL THIMM, JR., Appellant.
[28 NYS3d 693]—

Appeal from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated April 7, 2015. The order, insofar as appealed from, granted, without a hearing, that branch of the plaintiff's motion which was to hold the defendant in civil contempt for failure to comply with certain provisions of a so-ordered stipulation dated May 22, 2014, and directed the defendant to surrender and serve a sentence of incarceration of 15 days. By decision and order on motion dated May 12, 2015, this Court granted that branch of the defendant's motion which was to stay enforcement of so much of the order dated April 7, 2015, as directed the defendant to surrender and serve a sentence of incarceration pending hearing and determination of the appeal.

Ordered that the order dated April 7, 2015, is modified by deleting the provision thereof directing the defendant to surrender and serve a sentence of incarceration; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In this highly acrimonious divorce action, the parties agreed to a number of terms relating to the joint custody of their three children in a stipulation that was so-ordered by the Supreme Court on May 22, 2014. The stipulation included specific provisions limiting the content and number of email communications between the parties to one per day pertaining only to their children.

In December 2014, the plaintiff moved by order to show cause, inter alia, to hold the defendant in contempt for violating the email communication provisions of the stipulation. In support of her motion, the plaintiff attached and referenced a series of insulting and expletive-filled emails sent to her by the defendant and sought, inter alia, the imposition of a fine as a sanction for his contempt. The defendant opposed the motion and was represented by counsel. In an order dated April 7,

2015, the Supreme Court, without a hearing, inter alia, found that the defendant had violated the email communication provisions of the stipulation, determined that the defendant was in contempt of court, and directed the defendant to surrender and serve a sentence of incarceration of 15 days. The defendant appeals.

In a decision and order on motion dated May 12, 2015, this Court stayed enforcement of so much of the order as directed the defendant to surrender and serve the term of incarceration (*see Thimm v Thimm*, 2015 NY Slip Op 72821[U] [2d Dept 2015]). In a decision and order on motion dated October 27, 2015, this Court granted that branch of the plaintiff's motion which was, in effect, to strike points II through VII of the defendant's brief (*see Thimm v Thimm*, 2015 NY Slip Op 88785[U] [2d Dept 2015]). The plaintiff has not otherwise opposed the defendant's appeal.

In order to establish civil contempt, the following elements must be established: "First, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. Second, it must appear, with reasonable certainty, that the order has been disobeyed. Third, the party to be held in contempt must have had knowledge of the court's order . . . Fourth, prejudice to the right of a party to the litigation must be demonstrated" (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015] [internal quotation marks, citations, and brackets omitted]; *see Wood v Wood*, 134 AD3d 1028, 1029 [2015]).

" 'A hearing is not mandated in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone' " (*Wood v Wood*, 134 AD3d at 1029, quoting *Jaffe v Jaffe*, 44 AD3d 825, 826 [2007]; *see El-Dehdan v El-Dehdan*, 114 AD3d 4, 17 [2013], *affd* 26 NY3d 19 [2015]). Here, the Supreme Court properly determined, without a hearing, that the uncontroverted evidence established that the defendant violated certain provisions of the stipulation governing email communications between the parties and that such conduct constituted civil contempt (*see Jaffe v Jaffe*, 44 AD3d at 826).

However, under the particular circumstances of this case, a sentence directing the defendant's incarceration " 'would serve no purpose' " (*Rubin v Rubin*, 78 AD3d 812, 813 [2010], quoting *Berkman v Berkman*, 57 AD2d 542, 542 [1977]), and, therefore, we conclude that the Supreme Court improvidently exercised its discretion by ordering incarceration (*see Gretz v Gretz*, 298 AD2d 497, 497 [2002]; *Matter of Lewin v Lewin*, 124 AD2d 730, 731 [1986]; *cf. Fuerst v Fuerst*, 131 AD2d 426, 427 [1987]).

The defendant's remaining contentions are without merit or not properly before us.

Accordingly, we modify the order by deleting the provision thereof directing the surrender and incarceration of the defendant and, as so modified, we affirm the order insofar as appealed from. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.