AMANDA STOWE, as Parent and Natural Guardian of LEGEND STOWE and Another, Infants, Respondent, v KAREN FURNESS, Appellant. [54 NYS3d 798]—

Appeal from an order of the Supreme Court, Niagara County (Matthew J. Murphy, III, A.J.), entered January 28, 2016. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence action on behalf of her infant children against defendant, her former landlord, to recover damages for injuries that the children allegedly sustained as a result of lead paint exposure. We conclude that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. As the court properly determined, there is an issue of fact whether defendant had actual or constructive notice of the hazardous condition (*see generally Chapman v Silber*, 97 NY2d 9, 21-22 [2001]). Defendant stated in an affidavit that she renovated and repainted the apartment in 2009, learned of the lead paint condition for the first time in 2014, and immediately asked plaintiff's family to move out so that she could remediate the property. In opposition, plaintiff submitted the affidavit of a prior tenant, who stated that the Orleans County Department of Health detected dangerously high lead levels in chipped paint at the apartment in 2006, and that she told defendant about those results at that time. We conclude that the affidavit of the prior tenant, in combination with the deposition testimony of plaintiff's husband that he informed defendant sometime after 2009 of chipping paint in the apartment, creates an issue of fact sufficient to preclude summary judgment. Contrary to defendant's contention, the out-of-court statements contained in the prior tenant's affidavit are not hearsay because they were not offered for the truth of the matters asserted, i.e., the presence of flaking and chipping lead paint in the apartment (*see generally Nucci v Proper*, 95 NY2d 597, 602 [2001]), but instead were offered to establish that defendant had notice thereof.

We reject defendant's further contention that she is entitled

to summary judgment on the ground that plaintiff's conduct was a superseding cause of the children's injuries. Although a defendant in such a case may assert a defense that the plaintiff created or exacerbated the lead paint condition (*see M.F. v Delaney*, 37 AD3d 1103, 1105 [2007]), the fact that plaintiff and her children failed to vacate the premises for two months after discovering the lead paint condition does not establish such a defense as a matter of law. Present—Smith, J.P., Carni, DeJoseph, NeMoyer and Troutman, JJ.