Nationstar Mtge., LLC v Francis (2020 NY Slip Op 03792)





Nationstar Mtge., LLC v Francis


2020 NY Slip Op 03792


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-07268
 (Index No. 12387/13)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Jermaine Francis, appellant, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jermaine Francis appeals from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated March 27, 2017. The judgment of foreclosure and sale, upon an order of the same court, also dated March 27, 2017, granting the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, among other things, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
This is an action to foreclose a mortgage on real property owned by the defendant Jermaine Francis (hereinafter the defendant) in Nassau County. After this matter was released from the residential foreclosure conference part, the plaintiff, Nationstar Mortgage, LLC (hereinafter Nationstar), the current holder of the note and mortgage, moved for summary judgment on the complaint and for an order of reference. The Supreme Court granted the motion and, inter alia, appointed a referee to compute the amount due pursuant to the note. The referee issued a report finding, among other things, that as of November 17, 2016, the sum of $466,742.52 was due and owing to Nationstar, inclusive of advances made and interest on the unpaid balance. Nationstar moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated March 27, 2017, the court granted Nationstar's motion. In a judgment of foreclosure and sale dated the same day, the court, inter alia, awarded Nationstar $466,742.52, plus attorney's fees and costs, and directed the sale of the subject property. The defendant appeals.
" A foreclosure action is equitable in nature and triggers the equitable powers of the court'" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394, quoting Rajic v Faust, 165 AD3d 716, 717). "Once equity is invoked, the court's power is as broad as equity and justice require" (Onewest Bank, FSB v Kaur, 172 AD3d at 1394 [internal quotation marks omitted]; see Rajic v Faust, 165 AD3d at 718). " In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party'" (Onewest Bank, FSB v Kaur, 172 AD3d at 1394, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862; see CPLR 5001[a]).
We reject the defendant's contention that the Supreme Court should have tolled and [*2]canceled the interest that accrued on the mortgage loan during the period between the date that this matter was released from the residential foreclosure conference part and the date that Nationstar filed its motion for summary judgment. Under the circumstances of this case, including the fact that, in opposition to Nationstar's motion, the defendant never specifically contended that Nationstar had the burden to explain its delay in moving for summary judgment, the court providently exercised its discretion in granting the interest accrued on the mortgage loan during this time period (cf. Greenpoint Mtge. Corp. v Lamberti, 155 AD3d 1004, 1005; Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934).
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court