Kulynska v Agayeva (2020 NY Slip Op 06249)





Kulynska v Agayeva


2020 NY Slip Op 06249


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-11850
 (Index No. 8690/09)

[*1]Olga Kulynska, etc., appellant,
v
Kamila Agayeva, etc., et al., respondents, et al., defendant.


Mark M. Basichas & Associates, P.C. (Alexander J. Wulwick, New York, NY, of counsel), for appellant.
Gordon & Silber, P.C. (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Debra Silber, J.), entered September 18, 2017. The judgment, insofar as appealed from, upon a jury verdict, and upon an order of the same court dated August 3, 2017, denying the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury's verdict, is in favor of the defendants Kamila Agayeva and Advanced OB-GYN and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
During her pregnancy, the plaintiff received prenatal care from the defendants Kamila Agayeva and Advanced OB-GYN (hereinafter together the defendants). At 20 weeks, the plaintiff underwent an ultrasound which revealed, among other things, that she had a low-lying placenta. About a month after the first ultrasound, the plaintiff underwent a second ultrasound, the report of which did not state that the plaintiff had a low-lying placenta. During the two months following the second ultrasound, the plaintiff's pregnancy progressed normally. However, on February 15, 2008, the plaintiff experienced unexpected bleeding and went to a hospital where she underwent an emergency caesarian section. The baby was born in distress and had to be resuscitated. Despite being placed in intensive neonatal care, the baby died four hours after birth.
At trial, the plaintiff's expert opined that, given the results of the first two ultrasounds, the defendants should have directed the plaintiff to undergo a "color doppler ultrasound." According to the plaintiff's expert, this procedure would have identified possible complications affecting the pregnancy, including one identified in the pathology report, velamentous insertion of the umbilical cord. The defendants' expert contested this assertion on the basis that a low lying placenta, in 95% of cases, resolves on its own, and in the absence of other clinical symptoms, it was unnecessary to undergo further diagnostic testing.
The jury reached a verdict in favor of the defendants, the plaintiff's motion to set aside that jury verdict was denied, and judgment was entered in favor of the defendants. The [*2]plaintiff appeals.
The sole issue raised on this appeal is that defense counsel made two inflammatory remarks on summation which disparaged the plaintiff's expert. However, the plaintiff's counsel did not timely object to the remarks, or request curative instructions at the time the remarks were made (see Gomez v Cabatic, 159 AD3d 62, 79; Reilly v St. Charles Hosp. & Rehabilitation Ctr., 143 AD3d 692, 694). Moreover, counsel is afforded wide latitude in summation to characterize and comment on the evidence (see Acosta v City of New York, 153 AD3d 765, 767; Frederic v City of New York, 117 AD3d 899, 900). The subject remarks, which were criticisms of inconsistencies in the testimony of the plaintiff's expert, were fair comment on the evidence, were isolated, and were not so prejudicial as to deprive the plaintiff of a fair trial (see Kleiber v Fichtel, 172 AD3d 1048, 1052).
Accordingly, we affirm the judgment insofar as appealed from.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court