Yakubov v Gaft (2024 NY Slip Op 05240)

Yakubov v Gaft

2024 NY Slip Op 05240

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-00599
 (Index No. 503904/14)

[*1]Michael Yakubov, et al., respondents,
v
Mark Gaft, appellant, et al., defendant.

Wiese & Aydiner PLLC, Mineola, NY (Si Aydiner of counsel), for appellant.
Gutman Weiss, P.C., Brooklyn, NY (Dov B. Medinets of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and unjust enrichment, the defendant Mark Gaft appeals from a judgment of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated December 22, 2022. The judgment, upon the denial of the motion of the defendant Mark Gaft pursuant to CPLR 4401, made at the close of the plaintiffs' case, for judgment as a matter of law dismissing the causes of action alleging fraud and unjust enrichment insofar as asserted against him, upon a jury verdict in favor of the plaintiffs and against that defendant, and upon the denial of that defendant's motion pursuant to CPLR 4404(a), among other things, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiffs and against that defendant in the total sum of $742,993.
ORDERED that the judgment is affirmed, with costs.
In May 2014, the plaintiffs commenced this action against the defendant Mark Gaft (hereinafter the defendant), and another defendant, inter alia, to recover damages for fraud and unjust enrichment. The matter proceeded to a jury trial. At the close of the plaintiffs' case, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the causes of action alleging fraud and unjust enrichment insofar as asserted against him. The Supreme Court denied the motion. The jury returned a verdict in favor of the plaintiffs and against the defendant in the sum of $352,000. The defendant moved pursuant to CPLR 4404(a), among other things, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The court denied the motion. A judgment was thereafter entered in favor of the plaintiffs and against the defendant in the total sum of $742,993, including prejudgment interest from September 1, 2010. The defendant appeals.
An exception to the best evidence rule provides that "secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence and has not procured its loss or destruction in bad faith" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644; see Stathis v Estate of Karas, 193 AD3d 897, 899). Contrary to the defendant's contention, the Supreme Court properly admitted into evidence copies of a ledger, since the plaintiff Michael Yakubov, through his testimony, satisfactorily accounted for his inability to produce the original ledger (see Matter of Ciccotelli v Johnson, 189 AD3d 828, 829-830; Gianfrancisco v Conway, 152 AD3d 494, 496).
Contrary to the defendant's contention, Yakubov's testimony regarding two checks was not offered for the truth of the matter asserted therein and, therefore, not hearsay, and the Supreme Court did not err in admitting that testimony (see Stowe v Furness, 150 AD3d 1654, 1654; Quinche v Gonzalez, 94 AD3d 1075, 1075).
The Supreme Court providently exercised its discretion in permitting the plaintiffs' counsel to cross-examine the defendant about his prior drug conviction, to impeach the defendant's credibility (see CPLR 4513; Owens v Ascencio, 210 AD3d 686, 687-688; Castillo v MTA Bus Co., 163 AD3d 620, 623).
The Supreme Court also properly denied the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the causes of alleging fraud and unjust enrichment insofar as asserted against him (see Parlux Fragrances, LLC v S. Carter Enters., LLC, 217 AD3d 420, 420; Mendoza v Enchante Accessories, Inc., 185 AD3d 675, 677).
"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence" (Bohan v DeLucia, 178 AD3d 999, 1000; see Lolik v Big V Supermarkets, 86 NY2d 744, 746). "In determining whether to set aside a verdict as contrary to the weight of the evidence, deference must be accorded to the jury's assessment of the witnesses' credibility" (Gam v Dvir, 223 AD3d 706, 710 [internal quotation marks omitted]; see Miranco Contr., Inc. v Perel, 57 AD3d 956, 957). Here, the jury's verdict was not contrary to the weight of the evidence. Contrary to the defendant's contention, the jury's verdict in favor of the plaintiffs on the causes of action alleging fraud and unjust enrichment could be reached on a fair interpretation of the evidence (see Gam v Dvir, 223 AD3d at 710-711; High Value Trading, LLC v Shaoul, 168 AD3d 641, 642).
The defendant's contention that the Supreme Court should have dismissed the cause of action alleging unjust enrichment insofar as asserted against him as duplicative of the cause of action alleging fraud is unpreserved for appellate review (see High Value Trading, LLC v Shaoul, 168 AD3d at 643; Robinson v Way, 57 AD3d 872, 873).
The defendant's contention that the plaintiffs' counsel made inflammatory and prejudicial remarks in his opening statement and on summation is unpreserved for appellate review, as the defendant's counsel did not object to the comments, did not request curative instructions at the time the remarks were made, and did not move for a mistrial (see Kulynska v Agayeva, 188 AD3d 659, 660; Lind v City of New York, 270 AD2d 315, 317). Moreover, the remarks were fair comment on the evidence and were not so prejudicial as to have deprived the defendant of a fair trial (see Wilson v Finkelstein, 226 AD3d 950; Kulynska v Agayeva, 188 AD3d at 660).
The Supreme Court's award of prejudgment interest was not an improvident exercise of discretion (see CPLR 5001; Spodek v Neiss, 200 AD3d 952, 959; Nationstar Mtge., LLC v Francis, 185 AD3d 701, 702-703).
We do not address the defendant's remaining contentions, as they involve matter dehors the record or are improperly raised for the first time on appeal (see Matter of Moore, 204 AD3d 1014, 1015; Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676, 680).
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court