■ In the Matter of ROSALYN DIPAOLO, Appellant, v EDWARD DIPAOLO, Respondent. [637 NYS2d 167] —In a custody proceeding,

the mother appeals, as limited by her brief, from so much of an order of the Family Court, Dutchess County (Dolan, J.), dated January 26, 1994, as granted custody of the infant children to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

We find no basis for disturbing the trial court's award of custody of the parties' two children to the father. It is well settled that in adjudicating custody and visitation rights, the most important factor to be considered is the best interest of the children (*see, Eschbach v Eschbach*, 56 NY2d 167). In determining the best interest of the children, the courts must view the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 96). The court's determination depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents. In matters of this nature, "the findings of the nisi prius court must be accorded the greatest respect" (*Matter of Irene O.*, 38 NY2d 776, 777; *Eschbach v Eschbach, supra*, at 173).

We find that the Family Court weighed the appropriate factors. The record clearly supports the court's conclusion that the father, although not ideal, would be better able to provide for the emotional and intellectual needs of the children, and, thus, transfer of custody was in the children's best interest (*see, Kuncman v Kuncman*, 188 AD2d 517). We further find that the Family Court acted properly in not deferring to the preferences of three-year-old and one-year-old children, as they are both of tender age and incompetent to intelligently weigh the factors necessary to make a wise choice regarding custody (*see, Smith v Finger*, 187 AD2d 711). Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.