■ In the Matter of JOHN MAUTE, Appellant, v LORA MAUTE, Respondent. [643 NYS2d 225]

A petition for a modification of custody should only be granted " 'when the totality of circumstances, including the existence of the prior award' ", warrants it in the best interest of the child (*Eschbach v Eschbach*, 56 NY2d 167, 172). The custodial parent is given priority in order to maintain and promote stability in the child's life (*see, Matter of Lobo v Muttee*, 196 AD2d 585, 587).

Custody of this child was awarded to the mother pursuant to an order of the Family Court, Rockland County, dated June 24, 1991, which was affirmed by decision and order of this Court in 1993 (*see, Matter of Maute v Maute*, 199 AD2d 268). Since that time, the teenage child's antagonism and hostility toward his mother, which was evident even then, has notably worsened. His academic performance is poor and his conduct is disturbing. He has demonstrated not only a lack of respect for his mother but has left home several times and has even threatened suicide. His intense wish to reside with his father remains constant. In view of the fact that the custodial arrangement which we previously affirmed has apparently failed to serve this child's best interest, we reverse finding that the father will be a more successful custodian.

While we agree with the Family Court's conclusion that the child's teenage years and his parents' hostile attitude toward one another are likely factors contributing to the child's anger and antagonism toward his mother, ignoring the child's wishes and the failure of his present circumstances does nothing to remediate his deteriorating condition. Moreover, we agree with the Family Court that "time is running out [for the child]. If in

fact he is worse now than he was in 1991, what can we look forward to in [future years]?" In circumstances such as these, where, notwithstanding the apparent good intentions of both parents, the custodial parent's efforts have not been successful, the child's wishes and the willingness of the other parent to take over should be accommodated. However, the child's physical residence should not be changed until the end of the 1995-1996 school year.

Although we disagree with the Family Court's decision to maintain custody with the mother, we agree with that court's observation that this child is "not beyond help, and not beyond hope". We note that the ultimate resolution of his difficulties will only occur if both parents forge a consistent, firm approach in regard to his upbringing and development.

The mother's application for an award of counsel fees should be denied in view of the fact that we have sustained the father's petition. Miller, J. P., Hart, Friedmann and Florio, JJ., concur.