■ JOHN FLOOD et al., Respondents, v PAMELA AKMAL et al., Defendants, and BOHEMIA GARDEN CENTER, INC., Doing Business as BOHEMIA GARDEN CENTER, et al., Appellants. [703 NYS2d 276] —In an action to recover damages for personal injuries, etc., the defendants Joseph Alberto and Delores Alberto appeal from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated March 31, 1999, as granted the plaintiffs' motion for leave to serve an amended complaint adding Heckscher Nurseries, Inc., as a defendant and, as upon granting their cross motion to reargue that branch of their prior motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, adhered to the prior determination in an order dated August 14, 1997, denying that branch of the prior motion, and the defendant Bohemia Garden Center, Inc. d/b/a Bohemia Garden Center, separately appeals from so much of the order dated March 31, 1999, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal of Joseph Alberto and Delores Alberto from so much of the order as granted the plaintiffs' motion for leave to serve an amended complaint is dismissed as those appellants are not aggrieved by that portion of the order; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, the cross motions are granted, and the complaint and all cross claims insofar as asserted against the appellants are dismissed, and the action against the remaining defendants is severed.

While traveling northbound on Lakeland Avenue in Bohemia, the plaintiff John Flood made a left turn to enter the driveway of premises owned by the defendants Joseph Alberto and Delores Alberto (hereinafter the Albertos) where the defendant Bohemia Garden Center (hereinafter Bohemia) oper-

ated a business. He was struck by a car driven by the defendant Pamela Akmal who was proceeding in a southerly direction on Lakeland Avenue. He alleges, *inter alia*, that the condition of the driveway, and the alleged presence of a truck in the driveway at the time he attempted to enter the driveway, prevented him from completing the turn and caused the accident.

The evidence submitted by the Albertos and Bohemia in support of their respective cross motions for summary judgment demonstrated their entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact with respect to the negligence of either the Albertos or Bohemia (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *A & R Laundry Corp. v A.T.E.Z. L. L. C.,* 268 AD2d 397; *Richter v Herman,* 240 AD2d 556). Consequently, the Supreme Court erred in denying the cross motions.

The Albertos are not aggrieved by the portion of the order which granted the plaintiffs' motion to amend the complaint to add Heckscher Nurseries, Inc., as a defendant (*see, Frost v Monter,* 202 AD2d 632). We note, however, that in light of our determination herein, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion for leave to serve the amended complaint inasmuch as the proposed pleading is totally devoid of merit (*see, DiNardo v Patcam Serv. Sta.,* 228 AD2d 543). Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.