■ RALPH THOMPSON, JR., et al., Appellants-Respondents, v LEBEN HOME FOR ADULTS et al., Respondents-Appellants. (And a Third-Party Action.) [792 NYS2d 597]—

In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from so much an order of the Supreme Court, Queens County (Kelly, J.), entered October 14, 2003, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the causes of action alleging negligent infliction of emotional distress, and the defendants cross-appeal, as limited by their

brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the causes of action alleging negligence and breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging negligent infliction of emotional distress is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The defendants' untimely cross motion for summary judgment should not have been considered in view of their failure to offer a satisfactory explanation for not serving it within 120 days of the filing of the note of issue as required by CPLR 3212 (a) (*see Brill v City of New York,* 2 NY3d 648 [2004]). In the absence of such a "good cause" showing, the court has no discretion to entertain even a meritorious, nonprejudicial motion for summary judgment (*id.*). Thus, the cross motion, which was decided before *Brill v City of New York (supra)* was decided, must be denied in its entirety.

In light of our determination, the remaining contentions of the parties need not be reached. Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.