■ LAURA DETTMANN, Appellant, v CHRISTOPHER PAGE, Respondent. [794 NYS2d 406]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered December 16, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

Approximately six months after the entry of the order appealed from, the Court of Appeals decided *Brill v City of New York* (2 NY3d 648 [2004]). Under the standard announced in *Brill*, leave to file a late motion for summary judgment under CPLR 3212 (a) requires a showing of a satisfactory explanation for the delay in filing the motion. In the absence of such a showing, a late summary judgment motion may not be considered, even if it appears to have merit and the delay has not prejudiced the adversary (*see Brill v City of New York, supra* at 652). The defendant here failed to make the required showing.

The defendant's counsel asserted in an affirmation that the delay was not prejudicial, and averred in conclusory fashion that good cause existed owing to difficulties encountered in

contacting certain nonparty witnesses who the plaintiff identified as having information concerning the cause of the accident. However, the plaintiff identified these nonparty witnesses at her deposition, more than one year before the motion was filed, and the defendant offered nothing to indicate what efforts, if any, were made to contact those witnesses and what difficulties, if any, were encountered.

Under the circumstances, the defendant's motion for summary judgment should have been denied as untimely (*see Brill v City of New York, supra* at 653; *Thompson v New York City Bd. of Educ.*, 10 AD3d 650 [2004]). Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.