■ Ryan Finegan, Respondent-Appellant, and Amir Darvish, Respondent, v Clear Channel Communications, Inc., Appellant-Respondent, et al., Defendants. [802 NYS2d 368]—

In an action to recover damages for personal injuries, the defendant Clear Channel Communications, Inc., appeals from so much of (1) an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 25, 2004, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff Amir Darvish and granted that branch of the plaintiffs' cross motion which was for leave to amend the complaint to add AMFM New York, Inc., as a defendant, and (2) an order of the same court dated August 30, 2004, as, upon reargument, adhered to its original determination, and the plaintiff Ryan Finegan cross-appeals from so much of the order dated May 25, 2004, as granted that branch of the motion of the defendant Clear Channel Communications, Inc., which was for summary judgment dismissing the complaint insofar as asserted by him against it.

Ordered that the appeal from the order dated May 25, 2004, is dismissed, as the order, insofar as appealed from, was superseded by that portion of the order dated August 30, 2004, which was made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated August 30, 2004, as, upon reargument, adhered to the original determination granting that branch of the plaintiffs' cross motion which was for leave to amend the complaint to add AMFM New York, Inc., as a defendant, is dismissed, as the defendant Clear Channel Communications, Inc., is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order dated May 25, 2004, is reversed insofar as cross-appealed from, on the law, that branch of the motion of the defendant Clear Channel Communications, Inc., which was for summary judgment dismissing the complaint insofar as as-

serted against it by the plaintiff Ryan Finegan is denied, and the complaint by the plaintiff Ryan Finegan insofar as asserted against that defendant is reinstated; and it is further,

Ordered that the order dated August 30, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The conclusory and unsatisfactory explanation offered by the defendant Clear Channel Communications, Inc. (hereinafter Clear Channel), for making a motion for summary judgment more than 13 months after the note of issue was filed did not constitute "good cause," as required under CPLR 3212 (a) (see *Miceli v State Farm Mut. Auto. Ins. Co.,* 3 NY3d 725, 726 [2004]; *Brill v City of New York,* 2 NY3d 648, 652 [2004]; *Dettmann v Page,* 18 AD3d 422 [2005]). Accordingly, the Supreme Court should have denied Clear Channel's motion for summary judgment as untimely. The parties' arguments relating to the merits of the summary judgment motion have been rendered academic in light of this determination.

Clear Channel is not aggrieved by the determination granting that branch of the plaintiffs' cross motion which was for leave to amend the complaint to add AMFM New York, Inc., as a defendant (see CPLR 5511; *Millner v House Beautiful Apt. Corp.,* 287 AD2d 696, 697 [2001]; *Flood v Akmal,* 269 AD2d 562 [2000]). Therefore, its appeal from that portion of the order dated August 30, 2004, must be dismissed. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.