■ Pawel Czernicki, Appellant, v Marek Lawniczak, Respondent. [806 NYS2d 876]—

In an action, inter alia, to partition real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Garson, J.), dated February 15, 2005, as denied that branch of his motion which was for leave to serve and file a late motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to serve and file a summary judgment motion more than 120 days after the note of issue was filed. The plaintiff failed to offer a satisfactory explanation for the more than two-year delay in making the motion (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]). Whether there is merit to the late motion for summary judgment is not a relevant consideration (*see Rivera v Toruno*, 19 AD3d 473 [2005]; *Thompson v New York City Bd. of Educ.*, 10 AD3d 650 [2004]; *Dettmann v Page*, 18 AD3d 422 [2005]). While significant outstanding discovery may, in certain circumstances, constitute good cause for the delay in making a motion for summary judgment (*see*

*Herrera v Felice Realty Corp.,* 22 AD3d 723 [2005]; *Cooper v Hodge,* 13 AD3d 1111 [2004]; *Gonzalez v 98 Mag Leasing Corp.,* 95 NY2d 124, 129 [2000]), such circumstances do not exist in this case. No excuse was offered by the plaintiff as to why it took more than 2½ years to complete whatever discovery remained after the note of issue was filed before application was made for leave to serve and file a summary judgment motion. "No excuse at all, or a perfunctory excuse, cannot be good cause" (*Brill v City of New York, supra* at 652; *see also Espejo v Hiro Real Estate Co.,* 19 AD3d 360, 361 [2005]).

We note that both the plaintiff's attorney's reply affirmation and the defendant's deposition transcript excerpts attached as an exhibit thereto and included in the record on appeal are dehors the record and were not considered on this appeal (*see Shuler v Dupree,* 14 AD3d 548 [2005]). Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.