FRANCIS W. CHUNG, Appellant, v EDUARD ROZENTHAL et al., Defendants, IGOR NIKISHIN, Respondent, and JON A GARD, Appellant. [815 NYS2d 686]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated January 10, 2005, as granted that branch of the motion of the defendant Igor Nikishin which was for summary judgment dismissing the complaint insofar as asserted against him, and the defendant Jon A. Gard separately appeals, as limited by his brief, from so much of the same order as granted that branch of the motion of the defendant Igor Nikishin which was for summary judgment dismissing his cross claim insofar as asserted against that defendant.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint and the cross claim of the defendant Jon A. Gard are reinstated insofar as asserted against the defendant Igor Nikishin.

The Supreme Court improvidently exercised its discretion in granting Nikishin leave to file a late motion for summary judg-

ment. "No excuse at all, or a perfunctory excuse, cannot be 'good cause' " (*Brill v City of New York,* 2 NY3d 648, 652 [2004]). Nikishin failed to offer a "good excuse" for the delay in making the motion. He failed to explain why he did not file a timely motion for summary judgment when he had two weeks in which to do so after the rejection of his untimely cross motion for summary judgment. He failed to explain why he waited approximately three months after the expiration of the period within which to file a motion for summary judgment. Hence, the Supreme Court should have denied Nikishin's motion as untimely (*see Czernicki v Lawniczak,* 25 AD3d 581 [2006]; *Finegan v Clear Channel Communications, Inc.,* 22 AD3d 459 [2005]; *Gaines v Shell-Mar Foods, Inc.,* 21 AD3d 986 [2005]; *Rivera v Toruno,* 19 AD3d 473 [2005]; *Thompson v Leben Home for Adults,* 17 AD3d 347 [2005]; *Breiding v Giladi,* 15 AD3d 435 [2005]). Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.