In the Matter of KAREN JEAN GALLO, Respondent, v JAMES EDMUND GALLO, Appellant. [916 NYS2d 800]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Lechterecker, S.M.), dated March 5, 2010, which, after a hearing, inter alia, granted the mother's petition to modify a judgment of the Supreme Court, Suffolk County (Bivona, J.), dated August 1, 2007, by prohibiting the father from driving with the parties' children in an automobile.

Ordered that so much of the appeal as seeks review of that portion of the order which pertains to the child Ralph is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

As a initial matter, Ralph turned 18 on January 1, 2011. As such, he is no longer a minor and the custody and visitation order no longer applies to him (*see* Family Ct Act § 119 [c]; § 651; *Matter of Lisnitzer v Lisnitzer*, 119 AD2d 576 [1986]).

The petitioner mother, Karen Jean Gallo, and the appellant father, James Edmund Gallo, were divorced by a judgment of the Supreme Court, Suffolk County, dated August 1, 2007. They have two children under the age of 18: the twins Nicholas and Michael (hereinafter the children), born on April 26, 1995. Dating back to at least 1999, the father has repeatedly suffered from diabetic reactions that required that he be taken to a hospital owing to his failure to properly control the insulin intake for his diabetes. During the incident that precipitated this proceeding, the father picked up the children right after

injecting himself with what he himself admitted was too much insulin. This caused his blood sugar level to drop to 54, well below what is considered safe. The father then misjudged a turn at the end of the street, and drove onto a neighbor's lawn, within 10 feet of the front steps of the house. A short time later, the mother received a call from Nicholas, who was crying hysterically, and who said that they were at the mall, and that the father was already in an ambulance. The Family Court conducted a hearing and an in camera interview with the children. In an order dated March 5, 2010, the Family Court, inter alia, granted the mother's petition to modify the judgment by prohibiting the father from driving with the children in an automobile. We affirm.

Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the children (*see* Family Ct Act § 652 [a]; *Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]). In determining the best interest of the children, the courts must view the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]). "The court's determination depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents" (*Matter of DiPaolo v DiPaolo*, 223 AD2d 589, 590 [1996]). The decision of the hearing court, which had the opportunity to see and hear the demeanor of the witnesses, is accorded great deference on appeal (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Irene O.*, 38 NY2d 776, 777 [1975]). Here, the Family Court properly determined that it was in the children's best interests to prohibit the father from driving them in an automobile. Dillon, J.P., Covello, Florio and Hall, JJ., concur.