In the Matter of DIANE DORSA, Appellant, v ANDREW DORSA, Respondent. [935 NYS2d 343]—

"A modification of an existing custody arrangement should be allowed only upon a showing of a sufficient change in circumstances demonstrating a real need for a change of custody in order to insure the child's best interests" (*Matter of Nava v Kinsler*, 85 AD3d 1186, 1186 [2011], *lv denied* 17 NY3d 714 [2011]; *see* Family Ct Act § 652; *Matter of Said v Said*, 61 AD3d 879, 880 [2009]; *Matter of Manfredo v Manfredo*, 53 AD3d 498, 499 [2008]; *cf. Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining the best interests of the children, courts must view the " 'totality of [the] circumstances' " (*Matter of Gallo v*

*Gallo*, 81 AD3d 826, 827 [2011], quoting *Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]). Moreover, "while not dispositive, the express wishes of older and more mature children can support the finding of a change in circumstances" (*Matter of Burch v Willard*, 57 AD3d 1272, 1273 [2008]).

Here, the Family Court determined that the mother failed to establish that there was a change in circumstances sufficient to require a change in custody and, therefore, denied her petition. We find, however, that under the particular circumstances of this case, including the strong preference of both children, who are now 13 and 15 years old, respectively, to reside with the mother (*see Matter of Nell v Nell*, 87 AD3d 541, 542 [2011]; *cf. Matter of Englese v Strauss*, 83 AD3d 705, 706-707 [2011]), and the mother's greater sensitivity to the children's particular emotional and psychological needs, the mother has demonstrated a sufficient change in circumstances to warrant modification of the custody arrangement (*see Matter of Oddy v Oddy*, 296 AD2d 616, 617 [2002]). Consequently, the Family Court improvidently exercised its discretion in denying the mother's petition (*see Matter of Sparacio v Fitzgerald*, 73 AD3d 790, 791 [2010]). The case must be remitted, however, to the Family Court, Westchester County, to establish an appropriate visitation schedule for the father, who has played an important role in his children's lives (*see Mathie v Mathie*, 65 AD3d 527, 532 [2009]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.