— In four related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), dated February 17, 2010, as dismissed (a) his petition to modify a prior order of the same court dated November 6, 2007, inter alia, awarding the mother sole custody of the parties’ child, so as to award sole custody of the subject child to him, and (b) his separate petition to hold the mother in contempt for violating the visitation schedule set forth in the prior order.
Ordered that the order dated February 17, 2010, is affirmed, without costs or disbursements.
“ ‘Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child’ ” (Matter of Ross v Ross, 86 AD3d 615, 616 [2011], quoting Matter of Pignataro v Davis, 8 AD3d 487, 488 [2004]; see Family Ct Act § 652; Matter of Buxenbaum v Fulmer, 82 AD3d 1223, 1223 [2011]; Matter of Gallo v Gallo, 81 AD3d 826, 827 [2011]; Matter of Watson v Smith, 52 AD3d 615, 616 [2008]). Here, the Family Court properly dismissed the father’s petition to modify a prior order so as to award sole custody of the subject child to him, as he failed to demonstrate the requisite change in circumstances.
Moreover, the Family Court providently exercised its discretion in dismissing the father’s petition to hold the mother in contempt for violating the visitation provisions of the prior order, which awarded custody to the mother and visitation to him (see generally Matter of Philie v Singer, 79 AD3d 1041, 1042 [2010]; Matter of Kraemer v Strand-O’Shea, 66 AD3d 901, 901 [2009]). Dillon, J.P., Dickerson, Hall and Miller, JJ., concur.