In the Matter of JESSICA BURKE, Appellant, v WALTER J. COGAN, Respondent. [997 NYS2d 141]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Luft, J.), dated January 8, 2014, which, after a hearing, dismissed her petition to modify a prior order of the same court (Genchi, J.) dated February 3, 2011, so as to award her sole residential custody of the subject child.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother's petition to modify the order dated February 3, 2011, so as to award her sole residential custody of the subject child, is granted, and the matter is remitted to the Family Court, Suffolk County, for further proceedings to establish an appropriate visitation schedule for the father.

"Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child"

(*Trinagel v Boyar*, 70 AD3d 816, 816 [2010]; *see Matter of Cortez v Cortez*, 111 AD3d 717 [2013]; *White v Mazzella-White*, 84 AD3d 1068, 1069 [2011]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Cortez v Cortez*, 111 AD3d at 717; *Matter of Griffin v Moore-James*, 104 AD3d 685, 686 [2013]). "Although the determination of the hearing court which saw and heard the witnesses is entitled to great deference, its determination will not be upheld where it lacks a sound and substantial basis in the record" (*Matter of Sparacio v Fitzgerald*, 73 AD3d 790, 791 [2010]; *see Matter of Reyes v Gill*, 119 AD3d 804, 804-805 [2014]).

Here, the Family Court's determination that the evidence did not demonstrate a sufficient change in circumstances is not supported by a sound and substantial basis in the record.

The record reflects that the child's relationship with the father has deteriorated since the issuance of the prior custody order (*see Matter of Maute v Maute*, 228 AD2d 444 [1996]), and that the mother exhibits a greater sensitivity to the child's emotional and psychological needs (*see Matter of Dorsa v Dorsa*, 90 AD3d 1046, 1047 [2011]). Additionally, the hearing testimony established that the father denigrated the mother in the presence of the child (*see Matter of Zeis v Slater*, 57 AD3d 793, 794 [2008]). Moreover, the attorney for the child advocated for residential custody to be awarded to the mother, since the child, who was 13 years old, communicated a strong preference to reside with the mother (*see Matter of Fallo v Tallon*, 118 AD3d 991, 993 [2014]; *Matter of Dorsa v Dorsa*, 90 AD3d at 1047; *Matter of Chery v Richardson*, 88 AD3d 788, 789 [2011]). Under the circumstances, the mother demonstrated a sufficient change in circumstances to warrant modification of the custody arrangement so as to award her sole residential custody of the subject child. Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.