■ In the Matter of ANDREA M. ADRAGNA, Respondent, v VINCENT M. FUORI, SR., Appellant. [10 NYS3d 640]—Appeal from an order of the Family Court, Suffolk County (Linda M. Boggio, Ct. Atty. Ref.), entered February 21, 2014. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify the custody provisions of the parties' judgment of divorce entered February 8, 2010, so as to award her primary residential custody of the subject children, and prohibited the father from possessing, consuming, or being under the influence of alcohol or other intoxicating substances in the presence of the children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Modification of an existing custody order is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (*see Matter of Cannella v Anthony*, 127 AD3d 745 [2015]; *Matter of Boodhoo v Rampersaud*, 122 AD3d 624, 625 [2014]; *Matter of Bennett v Schultz*, 110 AD3d 792, 793 [2013]). In determining the best interests of the child, the court must review the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]). Since a custody determination necessarily depends to a great extent upon assessments of the credibility, character, temperament, and sincerity of the parties, the trial court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Quintanilla v Morales*, 110 AD3d 1081, 1081-1082 [2013]; *Matter of Davis v Pignataro*, 97 AD3d 677, 677-678 [2012]; *Cervera v Bressler*, 90 AD3d 803, 805 [2011]). Here, the Family Court's determinations that there had been a change in circumstances and that it would be in the best interests of the children to award the mother primary residential custody of the children, have a sound and substantial basis in the record and, therefore, will not be disturbed (*see Matter of Burke v*

*Cogan*, 122 AD3d 625, 626 [2014]; *Matter of Cole v Nofri*, 107 AD3d 1510, 1511 [2013]; *Matter of Dorsa v Dorsa*, 90 AD3d 1046, 1047 [2011]).

Under the particular circumstances of this case, the Family Court providently exercised its discretion in determining that it was in the children's best interests to prohibit the father from possessing, consuming, or being under the influence of alcohol or other intoxicating substances in their presence (*see Matter of Gallo v Gallo*, 81 AD3d 826, 827 [2011]). Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.