■ Donald J. Cook, Respondent-Appellant, v Lynn A. Cook, Appellant-Respondent. [36 NYS3d 222]—

Appeal by the mother from an order of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated July 23, 2015, and appeal by the mother and cross appeal by the father from an order of that court dated August 18, 2015. The order dated July 23, 2015, insofar as appealed from, denied that branch of the mother's motion which was to appoint a forensic evaluator to conduct an evaluation of the parties and their children. The order dated August 18, 2015, insofar as appealed and cross-appealed from, after a hearing, granted that branch of the father's petition which was to modify a settlement agreement dated May 3, 2012, which was incorporated but not merged into the parties' judgment of divorce dated September 25, 2012, so as to award him residential custody of the parties' child Jonathan, denied that branch of the father's petition which

was to modify the custody terms of the settlement agreement so as to award him residential custody of the parties' child Madison, and granted that branch of the father's motion which was to hold the mother in civil contempt for violating certain provisions of the settlement agreement and of a so-ordered stipulation of settlement dated August 8, 2013, regarding the father's telephone communication with the parties' children.

Ordered that the order dated July 23, 2015, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated August 18, 2015, is modified, on the law, (1) by deleting the provision thereof granting that branch of the father's motion which was to hold the mother in civil contempt for violating certain provisions of the settlement agreement dated May 3, 2012, which was incorporated but not merged into the parties' judgment of divorce dated September 25, 2012, and of the so-ordered stipulation of settlement, dated August 8, 2013, regarding the father's telephone communication with the parties' children, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the father's petition which was to modify the settlement agreement so as to award him residential custody of the parties' child Madison, and substituting therefor a provision granting that branch of the petition; as so modified, the order dated August 18, 2015, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings to establish an appropriate visitation schedule for the mother with the parties' child Madison; and it is further,

Ordered that pending the new determination, the mother shall have the same visitation schedule with the parties' child Madison as she currently has with the parties' child Jonathan.

The parties have two children, a son, Jonathan, born in May 2002, and a daughter, Madison, born in July 2005. In a settlement agreement dated May 3, 2012, which was incorporated but not merged into the parties' judgment of divorce dated September 25, 2012, the parties agreed that they would share joint legal custody of the children, that the mother would have primary residential custody of the children, and that the father would have visitation. The settlement agreement provided, inter alia, that "[e]ach party shall have the right to communicate with the children by telephone at all reasonable times and for reasonable periods of time when the children [are] with the other party and neither party shall interfere with or restrict

or impair such right of communication." The parties thereafter entered into a stipulation of settlement, dated August 8, 2013, which was so-ordered by the Supreme Court, which provided, inter alia, that "the parties agree to promote and encourage communication, via telephone or otherwise, between the children and the other parent."

On or about April 23, 2015, the father filed a petition in the Family Court, Suffolk County, inter alia, to modify the custody provisions of the settlement agreement so as to award him sole custody of the children, with visitation to the mother. On or about June 4, 2015, the mother moved in the Supreme Court, Suffolk County, inter alia, to modify the custody provisions of the settlement agreement so as to award her sole custody of the children, with supervised visitation to the father, to consolidate the Family Court proceeding with the Supreme Court action, and for the appointment of a forensic evaluator to conduct evaluations of the parties and the children. Thereafter, the father moved in the Supreme Court, inter alia, to hold the mother in civil contempt for violating the provisions of the settlement agreement and the so-ordered stipulation of settlement directing that the parties had the right to communicate with the children by telephone at all reasonable times, that neither party shall interfere with, restrict, or impair such right of communication, and that the parties should promote and encourage communication between the children and the other parent.

In an order dated July 23, 2015, the Supreme Court, inter alia, granted the branch of the mother's motion which was to consolidate the Family Court proceeding with the Supreme Court action, denied the branch of the mother's motion which was to appoint a forensic evaluator to conduct evaluations of the parties and the children, and referred for a hearing the custody and visitation issues, and the branch of the father's motion which was to hold the mother in civil contempt. The mother appeals from the order dated July 23, 2015.

Following the hearing, in an order dated August 18, 2015, the Supreme Court, inter alia, awarded the father residential custody of the parties' son Jonathan, with visitation to the mother. The court determined that the mother should retain residential custody of the parties' daughter Madison. The court also granted the branch of the father's motion which was to hold the mother in civil contempt because it determined that she had interfered with the father's telephone communication with the children. The mother appeals and the father cross-appeals from the order dated August 18, 2015.

The Supreme Court providently exercised its discretion in denying that branch of the mother's motion which was to appoint a forensic evaluator to conduct evaluations of the parties and the children, as the court possessed sufficient information to render an informed decision regarding custody consistent with the subject children's best interests (*see Matter of Keyes v Watson*, 133 AD3d 757 [2015]; *Matter of Stones v Vandenberge*, 127 AD3d 1213, 1215 [2015]; *McDonald v McDonald*, 122 AD3d 911 [2014]; *Matter of Solovay v Solovay*, 94 AD3d 898 [2012]).

"A party seeking the modification of an existing court-ordered child custody arrangement has the burden of demonstrating that circumstances have changed since the initial custody determination" such that modification is necessary to ensure the children's best interests (*Musachio v Musachio*, 137 AD3d 881, 882-883 [2016]; *see Matter of Klotz v O'Connor*, 124 AD3d 662, 662-663 [2015]). "In determining whether a custody agreement that was incorporated into a judgment of divorce should be modified, the paramount issue before the court is whether, under the totality of the circumstances, a modification of custody is in the best interests of the child[ren]" (*Matter of Honeywell v Honeywell*, 39 AD3d 857, 858 [2007]; *see Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640, 641 [2013]). To determine whether modification of a custody arrangement is in the best interests of the children, the court must weigh several factors of varying degrees of importance, including, inter alia, (1) the original placement of the children, (2) the length of that placement, (3) the children's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the children, (7) the parents' relative financial status, (8) the parents' relative ability to provide for the children's emotional and intellectual development, and (9) the willingness of each parent to assure meaningful contact between the children and the other parent (*see Anonymous 2011-1 v Anonymous 2011-2*, 136 AD3d 946, 948 [2016]; *Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]).

Here, the father demonstrated a sufficient change in circumstances to warrant modification of the custody provisions of the settlement agreement so as to award him residential custody of Jonathan. The record supports the Supreme Court's determination that Jonathan's relationship with the mother has deteriorated since the prior custody arrangement was agreed to (*see Matter of Burke v Cogan*, 122 AD3d 625, 626 [2014]; *Matter of Filippelli v Chant*, 40 AD3d 1221, 1222 [2007]; *Matter of Maute v Maute*, 228 AD2d 444 [1996]), and that the father exhibits a greater sensitivity to his emotional and

psychological needs, particularly with respect to the environment in Jonathan's new school (*see Matter of Dorsa v Dorsa*, 90 AD3d 1046, 1047 [2011]). We discern no reason to disturb the court's determination that the father's testimony was more credible than the mother's testimony. Additionally, the attorney for the children advocated for residential custody to be awarded to the father, since Jonathan, who was 12 years old when the father's petition was filed, communicated a preference to reside with him. While the express wishes of a child are not controlling (*see Matter of Ross v Ross*, 86 AD3d 615 [2011]; *Matter of Bond v MacLeod*, 83 AD3d 1304 [2011]), the child's wishes should be considered and are entitled to great weight, where, as here, the child's age and maturity would make his input particularly meaningful (*see Matter of Coull v Rottman*, 131 AD3d 964 [2015]; *Matter of Rosenblatt v Rosenblatt*, 129 AD3d 1091 [2015]; *Koppenhoefer v Koppenhoefer*, 159 AD2d 113 [1990]). Accordingly, the court's determination to modify the custody provisions of the settlement agreement so as to award the father residential custody of Jonathan has a sound and substantial basis in the record.

However, the Supreme Court's determination that the evidence did not demonstrate a sufficient change in circumstances warranting modification of the custody provisions of the settlement agreement so as to award the father residential custody of the parties' child Madison is not supported by a sound and substantial basis in the record. It "has long [been] recognized that it is often in the child's best interests to continue to live with his [or her] siblings" (*Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]), and "the courts will not disrupt sibling relationships unless there is an overwhelming need to do so" (*Matter of Lao v Gonzales*, 130 AD3d 624, 625 [2015]; *see Matter of Shannon J. v Aaron P.*, 111 AD3d 829, 831 [2013]). It is undisputed that Jonathan and Madison have a close relationship, and, based upon the recommendations of the children's therapist that they should not be separated, the position of the attorney for the children that they should remain with the same custodial parent, and evidence that the father demonstrated more of an ability and willingness to assure meaningful contact between the children and the mother, and to foster a healthier relationship between the children and the mother, than the mother would have fostered between the children and the father, the court should have awarded residential custody of Madison to the father (*see Eschbach v Eschbach*, 56 NY2d at 173-174; *Matter of Shannon J. v Aaron P.*, 111 AD3d at 831; *Matter of Pappas v Kells*, 77 AD3d 952 [2010]; *Matter of Tori v Tori*, 67 AD3d 1021 [2009]).

The Supreme Court also erred in granting that branch of the father's motion which was to hold the mother in civil contempt. In order to hold a party in civil contempt, the moving party must establish the following elements by clear and convincing evidence: " 'First, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. Second, it must appear, with reasonable certainty, that the order has been disobeyed. Third, the party to be held in contempt must have had knowledge of the court's order . . . Fourth, prejudice to the right of a party to the litigation must be demonstrated' " (*Thimm v Thimm*, 137 AD3d 775, 776 [2016], quoting *El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]; *see Mollah v Mollah*, 136 AD3d 992, 993 [2016]; *Wood v Wood*, 134 AD3d 1028, 1029 [2015]). Here, the father failed to sustain his burden because the evidence did not establish that the mother's actions with respect to the father's telephone communication with the children violated an unequivocal mandate contained in the settlement agreement or the so-ordered stipulation of settlement (*see Matter of Hughes v Kameneva*, 96 AD3d 845 [2012]; *Matter of Nelson v Nelson*, 194 AD2d 828 [1993]; *Matter of Frandsen v Frandsen*, 190 AD2d 975 [1993]).

We note that the joint record on appeal contains certain material that is dehors the record. We have not considered this material (*see Stanton v Carrara*, 28 AD3d 642 [2006]; *Czernicki v Lawniczak*, 25 AD3d 581 [2006]). Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.