■ G4 Noteholder, LLC, by Substitution for Wells Fargo Bank, National Association, Successor by Merger to Wachovia Bank, National Association, Plaintiff, v LDC Properties, LLC, Respondent, and Coreslab Structures (Conn), Inc., Appellant, et al., Defendants. [61 NYS3d 319]—

In an action to foreclose a mortgage, the defendant Coreslab Structures (Conn), Inc., appeals (1) from an order of the Supreme Court, Westchester County (Minihan, J.), entered March 30, 2016, which denied that branch of its motion which was to amend the pleadings to add additional cross claims against the defendant LDC Properties, LLC, and to add cross claims against nonparty Losco Group, Inc., and denied, as untimely, that branch of its motion which was for summary judgment on its cross claims insofar as asserted against the defendant LDC Properties, LLC, and nonparty Losco Group, Inc., and (2), as limited by its brief, from so much of an order of the same court entered June 21, 2016, as, upon reargument, in effect, adhered to the original determination denying its prior motion.

Ordered that the appeal from the order entered March 30, 2016, is dismissed, as that order was superseded by the order entered June 21, 2016, made upon reargument; and it is further,

Ordered that the order entered June 21, 2016, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In this mortgage foreclosure action, the Supreme Court issued a trial readiness order dated August 14, 2014, directing, inter alia, that a note of issue be served and filed within 20 days thereof, and that any dispositive motions be served within 60 days of the filing of the note of issue. The note of issue was filed on September 4, 2014. On November 3, 2014, the defendant Coreslab Structures (Conn), Inc. (hereinafter Coreslab), served a motion, inter alia, for summary judgment on its cross claims against the defendant LDC Properties, LLC (hereinafter LDC). However, Coreslab did not file its motion on that date. Coreslab subsequently filed the motion with the West-

chester County Clerk's Office on November 18, 2014—15 days after the 60-day deadline set forth in the trial readiness order, and in violation of the applicable Differentiated Case Management Protocol Part Rules, which direct that a moving party *"serve and file* the initiatory motion papers within the time allowed by the briefing schedule" (Westchester Supreme Court Differentiated Case Management Protocol Compliance Part Rules I [C] [emphasis added]). Coreslab's motion also sought leave to amend the pleadings to add cross claims against nonparty Losco Group, Inc. (hereinafter Losco), and additional cross claims against LDC, but the motion was not accompanied by any proposed amended pleading. Coreslab further sought summary judgment on its amended cross claims against LDC and its cross claims against Losco. In an order entered March 30, 2016, the court denied Coreslab's motion. In an order entered June 21, 2016, the court, upon reargument, in effect, adhered to the original determination denying Coreslab's prior motion. Coreslab appeals.

The Supreme Court did not improvidently exercise its discretion in denying, as untimely, that branch of Coreslab's motion which was for summary judgment, as the motion was filed 75 days, rather than the required 60 days, after the note of issue was filed (*see e.g. Cullity v Posner*, 143 AD3d 513, 513-514 [2016]; *Connolly v 129 E. 69th St. Corp.*, 127 AD3d 617, 618 [2015]; *see also Dettmann v Page*, 18 AD3d 422, 423 [2005]), and no good cause was alleged or shown by Coreslab (*see Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Matter of Hibbert*, 137 AD3d 786, 787 [2016]; *Dettmann v Page*, 18 AD3d at 422; *see also Cullity v Posner*, 143 AD3d at 513-514).

The Supreme Court also did not improvidently exercise its discretion in denying that branch of Coreslab's motion which was for leave to amend the pleadings. As there was no trial or procedural equivalent of a trial, the court properly determined that no relief was available to Coreslab pursuant to CPLR 3025 (c) (*see* CPLR 3025 [c]; *Werner v Katal Country Club*, 234 AD2d 659, 661 [1996]; *Mew Equity LLC v Sutton Land Servs., L.L.C.*, 34 Misc 3d 1224[A], 2012 NY Slip Op 50217[U] [Sup Ct, Kings County 2012]). Moreover, relief pursuant to CPLR 3025 (b), which requires the movant to include any proposed amendment or supplemental pleading with the motion, was properly denied, as Coreslab failed to include any proposed amended pleadings (*see* CPLR 3025 [b]; *see also Muro-Light v Farley*, 95 AD3d 846, 847 [2012]).

Accordingly, the Supreme Court providently exercised its discretion, upon reargument, in effect, in adhering to its prior

determination denying Coreslab's motion for summary judgment on its cross claims and for leave to amend the pleadings. Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.