Matter of Coon v Sanabria (2018 NY Slip Op 01184)





Matter of Coon v Sanabria


2018 NY Slip Op 01184


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-00193
2017-00194
 (Docket No. V-04170-15/15A)

[*1]In the Matter of David James Coon, respondent,
v
Audrey Kathleen Sanabria, appellant.


Eiges & Orgel PLLC, New York, NY (Elizabeth C. Garvey of counsel), for appellant.
David J. Coon, suing herein as David James Coon, Portsmouth, Virginia, respondent pro se.
Francine Scotto, Staten Island, NY, attorney for the child.



DECISION & ORDER
Appeals from two orders of the Family Court, Richmond County (Alison M. Hamanjian, J.), both dated December 2, 2016. The first order, insofar as appealed from, after a hearing, granted the father's petition to modify a prior order of the Family Court, Kings County (Bernard J. Graham, J.), dated February 23, 2010, so as to award him physical custody of the parties' daughter. The second order denied the mother's motion for an award of an attorney's fee.
ORDERED that the first order dated December 2, 2016, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the second order dated December 2, 2016, is affirmed, without costs or disbursements.
The parties are the parents of a daughter born in 2003. The mother lives in Staten Island with the daughter's stepfather and stepsister. The father lives in Portsmouth, Virginia, with the daughter's stepmother and stepbrother. The mother has had physical custody of the daughter and has been her primary caretaker since birth. In a petition dated September 15, 2015, the father sought to modify an order of the Family Court, Kings County, dated February 23, 2010, so as to award him physical custody of the daughter with visitation to the mother. After a hearing and two in camera interviews with the daughter, the Family Court granted the father's petition in an order dated December 2, 2016. In a second order dated December 2, 2016, the court denied the mother's motion for an award of an attorney's fee.
"A party seeking the modification of an existing court-sanctioned child custody arrangement has the burden of demonstrating that circumstances have changed since the initial custody determination to the extent that modification is necessary to insure the child's best interests" (Matter of Klotz v O'Connor, 124 AD3d 662, 662-663). Here, the father demonstrated such a change in circumstances based on the daughter's expressed desire to live with him, and the mother's restrictions on his contact and visitation with the daughter (see Matter of DeVita v DeVita, 143 [*2]AD3d 981, 982; Matter of Dorsa v Dorsa, 90 AD3d 1046, 1047).
Furthermore, there is a sound and substantial basis in the record for the Family Court's determination that granting the father's petition and awarding him physical custody of the daughter is in her best interests, based on, inter alia, the daughter's preference and the evidence that the father is more able and willing to assure meaningful contact between the daughter and the mother, and to foster a healthier relationship between the daughter and the mother, than the mother fostered between the daughter and the father (see Cook v Cook, 142 AD3d 530, 534; Matter of Samuel S. v Dayawathie R., 63 AD3d 746, 747).
The Family Court properly denied the mother's motion for an award of an attorney's fee (see Family Ct Act § 651; Domestic Relations Law § 237[b]).
RIVERA, J.P., ROMAN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court