Matter of Georgiou-Ely v Ely (2020 NY Slip Op 02049)





Matter of Georgiou-Ely v Ely


2020 NY Slip Op 02049


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2019-01214
 (Docket Nos. V-10584-11/17F, V-10585-11/17F)

[*1]In the Matter of Katie Georgiou-Ely, appellant,
v
James Ely, respondent.


Amy Colvin, Huntington, NY, for appellant.
William A. Sheeckutz, East Meadow, NY, for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Eileen Daly-Sapraicone, J.), dated December 31, 2018. The order, after a hearing, dismissed the mother's petition to modify a prior order of the same court dated July 24, 2015 (Edmund M. Dane, J.), so as to award her sole legal and physical custody of the parties' children and to require that the father's parental access with the children be supervised.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother's petition to modify a prior order of the same court dated July 24, 2015, so as to award her sole legal and physical custody of the parties' children and to require that the father's parental access with the children be supervised is granted, and the matter is remitted to the Family Court, Nassau County, to establish an appropriate supervised parental access schedule for the father that is in the best interests of the children.
The parties are the parents of two children, born in 2005 and 2007, respectively. Pursuant to an order dated July 24, 2015, entered upon consent (hereinafter the custody order), the parties were awarded joint legal custody of the children with residential custody to the mother, and unsupervised parental access to the father. In July 2017, the mother petitioned the Family Court to modify the custody order so as to award her sole legal and physical custody of the children and to require that the father's parental access with the children be supervised. The court held a hearing on the mother's petition, at which the father failed to appear. At the conclusion of the hearing, the court dismissed the petition. The mother appeals.
An order of custody or parental access may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to protect the best interests of the child (see Matter of Farouz v Faltas, 176 AD3d 1064, 1065; Matter of Liriano v Hotaki, 176 AD3d 710, 710-711). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Gonzalez v Santiago, 167 AD3d 885, 887). "Although the determination of the hearing court which saw and heard the witnesses is entitled to great deference, its determination will not be upheld where it lacks a sound and substantial basis in the record" (Matter of Sparacio v Fitzgerald, 73 [*2]AD3d 790, 791; see Matter of Burke v Cogan, 122 AD3d 625, 626).
Here, the Family Court's determination, in effect, that there had been no change in circumstances requiring a transfer of legal custody to the mother and a modification of the father's parental access lacks a sound and substantial basis in the record (see Matter of Errante v Murry, 172 AD3d 711, 713). The record reflects that the children's relationship with the father has deteriorated since the issuance of the custody order (see Matter of Burke v Cogan, 122 AD3d 625, 626), that the father had threatened to strike the children with a belt, and that the father denigrated the mother in the presence of the children (see Matter of Zeis v Slater, 57 AD3d 793, 794). Moreover, the children, who were 11 and 13 years old at the time of the hearing, indicated a strong preference to reside with the mother (see Matter of Burke v Cogan, 122 AD3d at 626; Matter of Dorsa v Dorsa, 90 AD3d 1046, 1047).
Furthermore, the record indicates that unsupervised parental access with the father would be detrimental to the children at this time (see Matter of Masri v Masri, 171 AD3d 1183, 1185).
Accordingly, the Family Court should have granted the mother's petition to modify the custody order so as to award her sole legal and physical custody of the parties' children and to require that the father's parental access with the children be supervised.
In light of our determination, we need not reach the mother's remaining contentions.
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court